IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANNA WESSINGER and
WILLIAM A. WESSINGER,

                              Plaintiffs,

        v.                                                    1:06-cv-2626-WSD

THE BOARD OF REGENTS OF
THE UNIVERSITY SYSTEM OF
GEORGIA d/b/a POLYTECHNIC
STATE UNIVERSITY, REVONDA
HAYES AND JOHN DOE,

                              Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Partial Dismissal.
(Mot. to Dismiss [14].)

## I.    FACTUAL BACKGROUND

On October 30, 2006, Plaintiffs brought this action under 42 U.S.C. § 1983,

alleging Defendants violated their Fourth, Fifth and Fourteenth Amendment rights.

On March 14, 2007, Defendants filed this Motion for Partial Dismissal of all

claims against the Board of Regents of the University System of Georgia, d/b/a

Polytechnic State University, and any individual defendant sued in his official

capacity.  Defendants argue that the Board of Regents and any of its agents sued in their official capacities are entitled to immunity under the Eleventh Amendment and are not "persons" for purposes of § 1983.  Plaintiffs concede that the Board of Regents is entitled to immunity and that it should be dismissed from this action. Plaintiffs also clarify their action does not assert claims against the individual defendants in their official capacity, stating specifically that Defendants Revonda Hayes and John Doe are sued only in their individual capacities.[1]

A State is not a "person" within the meaning of § 1983.  The Eleventh Amendment bars suit against a State brought by both citizens of another state and the State's own citizens.  McClendon v. Ga. Dep't of Cmty. Health, 261 F.3d 1252, 1256 (11th Cir. 2001).  State agencies also share this same Eleventh Amendment immunity.  See Fouche v. Jekyll Island-State Park Auth., 713 F.2d 1518, 1520-23 (11th Cir. 1983).  Thus, "the Eleventh Amendment bars a federal court from exercising jurisdiction over a lawsuit against a non-consenting State and its agencies."  Vt. Agency of Natural Res. v. United States, 529 U.S. 765, 778 (2000). The Board of Regents is a state agency, not a "person" for  purposes of § 1983 and

---

[1] Although the official and individual capacity distinction is important, Plaintiffs' complaint was ambiguous on the nature of the individual claims.

is entitled to Eleventh Amendment immunity.  It is entitled to be dismissed from this action.

Plaintiffs also assert claims against a John Doe defendant.  Plaintiffs do not describe the John Doe defendant in their Complaint, other than to state that he or she is an unknown law enforcement officer of the State of Georgia.  "[F]ictitious party practice is not permitted in federal court."  New v. Sports & Rec., 114 F.3d 1092, 1094 n.1 (11th Cir. 1997); see also Lewis v. City of Montgomery, No. 2:04-CV-858-WKW, 2006 WL 1761673, at *2 (M.D. Ala. June 27, 2006) ("In general, 'fictitious-party pleading is not permitted in federal court.'").  While courts have sometimes made exceptions when the plaintiff may be able to describe an individual without stating his or her name precisely or correctly, Plaintiffs have not provided any description of the John Doe defendant in this case.  See Dean v. Barber, 951 F.2d 1210, 1215-16 (11th Cir. 1992) (finding plaintiff's description of "Chief Deputy of the Jefferson County Jail John Doe" sufficient because the proposed defendant existed and plaintiff adequately described the person to be sued so that the person could be identified for service).  Thus, this exception does not apply and Defendant John Doe is required to be dismissed.

### III.   CONCLUSION

Accordingly,

**IT IS SO ORDERED** that Plaintiffs' Motion for Partial Dismissal [12] is **GRANTED**.  Defendants Board of Regents of the University System of Georgia and John Doe are dismissed from this action.  To the extent the Complaint seeks to assert an official capacity claim against Defendant Revonda Hayes, that claim is dismissed.

**SO ORDERED** this 14th day of May, 2007.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE